UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lillian B. Dettle,<br><br>Plaintiff,<br><br>v.<br><br>Treasure Island Resort & Casino, et al.,<br><br>Defendants. | Case No. 17-cv-2327 (SRN/TNL)<br><br>**MEMORANDUM OPINION AND ORDER** |

Lillian B. Dettle, 3036 Ardmore Avenue, St. Paul, MN 55112, pro se.

Peter Rademacher, 1935 County Road B2 West, Suite 460, St. Paul, MN 55113 and Vanya Hogen, Hogen Adams PLLC, 1935 West County Road B2, Suite 460, St. Paul, MN 55113, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This case is before the Court on Plaintiff's objection ("Objection") [Doc. No. 41] to United States Magistrate Judge Tony Leung's November 30, 2018 Report and Recommendation ("R&R") [Doc. No. 38]. Magistrate Judge Leung recommended that the Court dismiss Plaintiff's Complaint [Doc. No. 1] without prejudice. (R&R at 1.) For the reasons set forth below, the Court overrules Plaintiff's Objection, adopts the R&R in full, and dismisses Plaintiff's Complaint without prejudice.

I.  **Factual and Procedural Background**

On March 24, 2017, Plaintiff was visiting Treasure Island Resort & Casino. (Compl. at 4.) While she was there, Plaintiff bumped into a chair positioned at an odd

1

angle against a slot machine. (*Id.*) According to Plaintiff, employees at Treasure Island saw the injury occur and sent for medical assistance. (Mot. to Am. Compl. [Doc. No. 13], Ex. 2 at 4.) Plaintiff was treated at the scene with icepacks and a wrap. (Compl. at 4.)

Plaintiff's leg was "red, sore, bruised, and swollen" after the accident and continued to worsen in the months following. (*Id.* at 4.) She was eventually treated with oral antibiotics for a possible infection and had a blood clot removed from her leg. (*Id.*) While Plaintiff's condition has improved, her leg is still "painful to touch." (*Id.*)

Plaintiff approached Treasure Island to seek compensation for her injuries. (*Id.*) Treasure Island engaged Tribal First as its third-party claim administrator. (Compl., Ex. 1 at 1.) After conducting an investigation, Tribal First denied Plaintiff's claims, stating that it found "neither negligence nor liability" on behalf of Treasure Island. (*Id.*, Ex. 1 at 3.) Hudson Insurance Group ("Hudson") also appears to have been involved in the processing of Plaintiff's claim. (Am. Compl. [Doc. No. 11], Ex. 1 at 6–8.)

On June 28, 2017, Plaintiff filed her Complaint against Defendants. Finding Plaintiff's initial complaint to be inadequate, the Court gave Plaintiff an opportunity to file an amended complaint. (R&R at 4.) Ultimately, Plaintiff filed both her Amended Complaint [Doc. No. 11] and a motion to amend her complaint [Doc. No. 13], accompanied by additional pleading documents (Mot. to Am. Compl., Ex. 1–2.) On February 28, 2018, the Court construed all of Plaintiff's documents together as a single pleading, granted her motion to amend, and granted her leave to proceed *in forma pauperis*. (*See generally* Feb. 23, 2018 Order [Doc. No. 15].)

In her Amended Complaint, Plaintiff alleges that she "almost lost [her] leg" due to

2

Treasure Island's negligence. (Am. Compl. at 6.) Plaintiff asserts that Treasure Island "should have immediately seen [the chair] on the cameras" and corrected the situation. (*Id.*) In addition, Plaintiff contends that Treasure Island failed to post signs prohibiting the slanting of chairs on slot machines. (*Id.*) Plaintiff seeks compensatory damages for "medical and prescription costs" and emotional distress resulting from loss of sleep and worry over possibly losing her leg. (Compl. at 4.) Plaintiff also seeks punitive damages. (*Id.*)

On June 4, 2018, Defendant moved to dismiss this matter based on a lack of subject matter jurisdiction, tribal immunity, insufficient service of process, and failure to state a claim upon which relief can be granted. (Defs.' Mot. to Dismiss [Doc. No. 22] (citing Fed. R. Civ. P. 12(b)(1), (5), (6).) In a thorough and well-reasoned R&R, Magistrate Judge Leung recommended that the Complaint be dismissed without prejudice. (R&R at 17.) On December 20, 2018, Plaintiff filed a timely Objection to Magistrate Judge Leung's R&R. (Obj. at 1.)

## II. Discussion

### A. Standard of Review

Upon issuance of an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections should specify the portions of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Then, the district court will review *de novo* those portions of the R&R to which an objection is made,

and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "A motion to dismiss pursuant to Rule 12(b)(1) challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (quotation omitted). "The plaintiff has the burden of proving subject matter jurisdiction." *Compart's Boar Store, Inc. v. United States*, 829 F.3d 600, 604 (8th Cir. 2016).

Federal courts deciding a Rule 12(b)(1) motion must distinguish between a "facial attack" and a "factual attack" to jurisdiction. *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). Here, Defendants bring a facial attack to jurisdiction, so "the court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). On a motion to dismiss under Rule 12(b)(6), this Court "accept[s] as true the non-moving party's factual allegations and grant[s] the non-moving party all reasonable inferences from the pleadings." *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 981 (8th Cir. 2008).

"[A] court's subject-matter jurisdiction defines its power to hear cases." *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 560 (2017). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in [28 U.S.C. §§ 1331 and 1332.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Section 1331 "provides for federal-question jurisdiction," and § 1332 "provides for [d]iversity of citizenship jurisdiction." *Id.* (quotation omitted). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Id.* "[A plaintiff properly] invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.*

### B. Analysis

#### 1. Federal Question Jurisdiction

Plaintiff argues that federal question jurisdiction exists based on the "[t]he right to sue a public business due to an injury that happened on their property." (Compl. at 3.) In addition, Plaintiff asserts that her civil right to "[a]ddress [c]omplaints" has been violated, implicating the First Amendment. (Am. Compl., Ex. 1 at 3.)

Defendants contend that, while Plaintiff has not "explicitly identified what law entitles her to relief, . . . her allegations suggest a claim for negligence under Minnesota common law." (Defs.' Mem. in Supp. of Mot. to Dismiss [Doc. No. 24] at 5.) Moreover, Defendants maintain that Plaintiff has made no allegations that they have violated her First Amendment rights, and as such, any inferable claim is "so untenable as to be patently meritless." (*Id.* at 5–6.)

"[A] pro se complaint, however inartfully pleaded, [is held] to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quotation omitted). Moreover, pro se complaints are to be construed liberally. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Based on this standard, the Court agrees with the Magistrate Judge that Plaintiff's Complaint should be construed to allege a negligence claim against Treasure Island. Plaintiff repeatedly refers to Treasure Island's "negligence" and describes her injuries as the "subject matter" of this litigation. (Am. Compl. at 6; Mot. to Am. Compl., Ex. 2 at 4; Pl.'s Resp. to Mot. to Dismiss [Doc. No. 31] at 1.)

However, even drawing all reasonable inferences in Plaintiff's favor, the Court agrees with the Magistrate Judge that Plaintiff still has not pleaded any facts showing how Defendants violated her First Amendment rights (or any other federal Constitutional provision or law). A "mere suggestion of a federal question," as the Plaintiff has made here, "is not sufficient to establish the jurisdiction of federal courts." *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). Thus, because Plaintiff has not raised a federal question in her pleadings, there is no subject matter jurisdiction under 28 U.S.C. § 1331.

### 2. Diversity Jurisdiction

Although Plaintiff has not raised the issue, the Court also considers whether subject matter jurisdiction exists under diversity jurisdiction. 28 U.S.C. § 1332. Defendants recognize the possibility that both Tribal First and Hudson are diverse parties located outside of Minnesota—in California and New York respectively. (Am. Compl. at 3.) However, Defendants argue that it is undisputed that Treasure Island is run by the

Prairie Island Indian Community, a federally recognized Indian Tribe, which destroys complete diversity. (Defs.' Mem. in Supp. of Mot. to Dismiss at 2 (citing Indian Entities Recognized & Eligible to Receive Services from the U.S. Bureau of Indian Affairs, 83 Fed. Reg. 4235-02, 4238 (Jan. 30, 2018).))

When an Indian tribe is involved, "[d]iversity jurisdiction is not available . . . because Indian tribes are neither foreign states, nor citizens of any state." *Gaming World Int'l, Ltd. v. White Earth Band of Chippewa Indians*, 317 F.3d 840, 847 (8th Cir. 2003) (citations omitted).[1] If a plaintiff "sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) (original emphasis). However, the presence of a "stateless" party destroys the complete diversity required under 28 U.S.C. § 1332. *Id.* Thus, the presence of an Indian tribe destroys complete diversity, "notwithstanding the joinder of other diverse parties." *Ninigret Dev. Corp. v. Narragansett Indian Wetuomuck Hous. Auth.*, 207 F.3d 21, 27 (1st Cir. 2000). As the Tribes' presence destroys complete diversity, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

**IV.  Conclusion**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Dettle's Objection [Doc. No. 41] is **OVERRULED**;

---

[1] Subject matter jurisdiction is also not available under 28 U.S.C. § 1330 because Indian tribes are not foreign states. *Oglala Sioux Tribe v. C&W Enters., Inc.*, 487 F.3d 1129, 1130 n.2 (8th Cir. 2007).

2. Magistrate Judge Leung's R&R [Doc. No. 38] is **ADOPTED** in its entirety;

3. Defendant's Motion to Dismiss [Doc. No. 22] is **GRANTED**; and

4. Plaintiff's Complaint [Doc. No. 1] is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: January 18, 2019                    s/ Susan Richard Nelson
                                           SUSAN RICHARD NELSON
                                           United States District Judge